LAW OFFICE OF JAMES S. TERRELL
JAMES S. TERRELL, ESQ. (SBN 170409)
Law Office of James S. Terrell
15411 Anacapa Road
Victorville, CA 92392
Tel.760-951-5850 Fax.760-952-1085
E-mail: jim@talktoterrell.com


LAW OFFICE OF SHARON J. BRUNNER
SHARON J. BRUNNER, ESQ. (SBN: 229931)
Law Office of Sharon J. Brunner
14393 Park Avenue, Suite 100
Victorville, CA 92392
Tel. (760) 243-9997.  Fax.(760) 843-8155
E-mail: sharonjbrunner@yahoo.com


Attorneys for PLAINTIFF:
RICHARD DONASTORG

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| RICHARD DONASTORG. | Case No.  **5:18-cv-992** |
|---|---|
| **PLAINTIFF,** | **COMPLAINT FOR DAMAGES** |
| **vs.** | 1. Fourth Amendment – Detention and Arrest (42 U.S.C. §1983) |
| **CITY OF ONTARIO, POLICE CHIEF BRAD KAYLOR, GARY CROSBY, CORPORAL JOE ESTRADA, BRENNAN FALCONIERI, SERGEANT FLESHER,  EDWARD FLORES, GABRIEL GUTIERREZ, SERGEANT JOSEPH GIALLO, COREY HETTINGA, JOSHUA HOVEY, WILLIAM MLODZINSKI, CHRISTIAN NELSEN, MATTHEW ROSS, W. RUSSELL, BRYCE WILSON, AND DOES 1-10, INCLUSIVE.** | 2. Fourth Amendment – Excessive Force (42 U.S.C. § 1983) |
| | 3. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983) |
| | 4. Municipal Liability – Ratification (42 U.S.C. § 1983) |
| | 5. Municipal Liability – Failure to Train (42 U.S.C. § 1983) |
| | 6. Fourth Amendment – Denial of Medical Care (42 U.S.C. § 1983) |
| | 7. Americans with Disabilities Act |

**Defendants.**

8. Intentional Infliction of Emotional Distress
9. Violation of Cal. Civil Code § 52.1
10. False Arrest/False Imprisonment

DEMAND FOR JURY TRIAL

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over this action for damages under the laws under 42 U.S.C. § 1983, the United States Constitution and common law principles, to redress a deprivation under color of state law of rights, privileges, and immunities secured to PLAINTIFF, by said status, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

2.     Pursuant to USC § 1331, this Court has original jurisdiction under the Civil Rights Act 42 § 1983, the American with Disabilities Act (ADA) claim and related common law claims pursuant to 28 USC §§ 1331, 1343.

3.     Venue is proper in this Court because the Defendants reside in, and in all incidents, events, and occurrences giving rise to this action occurred in the City of Ontario, California.

4.     PLAINTIFF filed a timely Government Code § 911.2 et al. and brings pendant actions under state law.

## PARTIES AND JURISDICTION

5.     PLAINTIFF **RICHARD DONASTORG** ("DONASTORG") was, at all times herein mentioned a citizen of the United States of America and a resident of San Bernardino County over the age of 18.

6.     Defendant **CITY OF ONTARIO** ("CITY") is a political subdivision of the State in California with the capacity to sue and be sued. The departments of the City

COMPLAINT FOR DAMAGES

of Ontario include the Ontario Police Department and its departments and agencies. Employees of the CITY OF ONTARIO have engaged in the acts complained of herein pursuant to the policies, practices and customs of the CITY OF ONTARIO.

7.     At all times mentioned herein, Defendant **CHIEF OF POLICE BRAD KAYLOR**("KAYLOR") was employed by the CITY OF ONTARIO as CHIEF OF POLICE. He is being sued in his individual capacity and in his official capacity as Chief of Police for the CITY OF ONTARIO. KAYLOR was at all times mentioned herein, a policy maker for the City of Ontario.

8.     Defendant **OFFICER GARY CROSBY #14083** ("CROSBY" ) is and was at all times mentioned herein an Officer employed by the CITY OF ONTARIO. He is being sued in his individual capacity and in his official capacity as an Officer for the CITY OF ONTARIO.

9.     Defendant **CORPORAL JOE ESTRADA  #80239** ("ESTRADA" ) is and was at all times mentioned herein an Officer employed by the CITY OF ONTARIO. He is being sued in his individual capacity and in his official capacity as an Officer for the CITY OF ONTARIO.

10.     Defendant **OFFICER BRENNAN FALCONIERI #80461**("FALCONIERI" ) is and was at all times mentioned herein an Officer employed by the CITY OF ONTARIO. He is being sued in his individual capacity and in his official capacity as an Officer for the CITY OF ONTARIO.

COMPLAINT FOR DAMAGES

11.     Defendant **SERGEANT FLESHER**("FLESHER" ) is and was at all times mentioned herein an Officer employed by the CITY. He is being sued in his individual capacity and in his official capacity as an Officer for the CITY.

12.     Defendant **OFFICER EDWARD FLORES #80463**("FLORES" ) is and was at all times mentioned herein an Officer employed by the CITY. He is being sued in his individual capacity and in his official capacity as an Officer for the CITY OF ONTARIO.

13.     Defendant **OFFICER GABRIEL GUTIERREZ #80184** ("GUTIERREZ" ) is and was at all times mentioned herein an Officer employed by the CITY OF ONTARIO. He is being sued in his individual capacity and in his official capacity as an Officer for the CITY OF ONTARIO.

14.     Defendant **SERGEANT JOSEPH GIALLO #14592**("GIALLO" ) is and was at all times mentioned herein an Officer employed by the CITY OF ONTARIO. He is being sued in his individual capacity and in his official capacity as an Officer for the CITY OF ONTARIO.

15.     Defendant **OFFICER CORREY HETTINGA #80464**("HETTINGA" ) is and was at all times mentioned herein an Officer employed by the CITY OF ONTARIO. He is being sued in his individual capacity and in his official capacity as an Officer for the CITY OF ONTARIO.

16.     Defendant **OFFICER JOSHUA HOVEY**("HOVEY" ) is and was at all

COMPLAINT FOR DAMAGES

times mentioned herein an Officer employed by the CITY OF ONTARIO. He is being sued in his individual capacity and in his official capacity as an Officer for the CITY OF ONTARIO.

17.     Defendant **OFFICER WILLIAM MLODZINSKI #80522**("MLODZINSKI" ) is and was at all times mentioned herein an Officer employed by the CITY OF ONTARIO. He is being sued in his individual capacity and in his official capacity as an Officer for the CITY OF ONTARIO.

18.     Defendant **OFFICER CHRISTIAN NELSEN #80481** ("NELSEN" ) is and was at all times mentioned herein an Officer employed by the CITY OF ONTARIO. He is being sued in his individual capacity and in his official capacity as an Officer for the CITY OF ONTARIO.

19.     Defendant **OFFICER MATTHEW ROSS #80492** ("ROSS" ) is and was at all times mentioned herein an Officer employed by the CITY OF ONTARIO. He is being sued in his individual capacity and in his official capacity as an Officer for the CITY OF ONTARIO.

20.     Defendant **OFFICER W. RUSSEL**("RUSSEL" ) is and was at all times mentioned herein an Officer employed by the CITY OF ONTARIO. He is being sued in his individual capacity and in his official capacity as an Officer for the CITY OF ONTARIO.

21.     Defendant **OFFICER BRYCE WILSON #80508** ("WILSON" ) is and was

at all times mentioned herein an Officer employed by the CITY OF ONTARIO. He is being sued in his individual capacity and in his official capacity as an Officer for the CITY OF ONTARIO.

22.    Defendant DOES 1-10 are police officers, supervisory employees, and/or managerial, supervisorial, and policymaking employees who were acting under color of law within the course and scope of their duties of the City of Ontario and the City of Ontario Police Department.

23.    The true names and capacities of DOES 1-10 are unknown to PLAINTIFF, who otherwise sues these Defendants by such fictitious names.  PLAINTIFF will seek to amend this complaint to show the true names and capacities of these Defendants when they are ascertained.  Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

24.    This is an action for damages and such other and further relief as may be consistent with law pursuant to 42 USC § 1983, to redress violations of the PLAINTIFF's rights protected by the United States Constitution, by persons acting under color of state law.

25.    All events transactions or occurrences took place in the City of Ontario, California unless specifically alleged otherwise.

26.    This action is otherwise properly before this Honorable Court.

## FACTS

27.     On or about May 8, 2016, at approximately 5:00 am, PLAINTIFF Richard DONASTORG pulled into a gas station as he was having a problem learning the nomenclature of his rental car that has resulted in his rental vehicle trunk opening.

28.     Defendant Officer Bryce WILSON and Defendant Officer Harvey allegedly made contact with PLAINTIFF for having his trunk open and his emergency lights flashing at the TA West (gas station). Defendant Officer WILSON ordered PLAINTIFF to exit his vehicle, he was not advised he was being stopped, detained, or asked for his driver's license.

29.     Defendant Officer WILSON went into the vehicle and forced the transmission gear into park (PLAINTIFF believed) he put the car in reverse causing his vehicle to bump a police car behind him. Defendant Officer WILSON and Defendant Officer HOVEY both attacked PLAINTIFF and tasered PLAINTIFF multiple times and Defendant Officer HOVEY attempted to open PLAINTIFF's door and enter his vehicle for no known apparent reason. The movement of the gear shifted being pushed by these officers caused the vehicle to travel in several directions, as PLAINTIFF was being tased. PLAINTIFF had no control over his feet or muscles and was being repeatedly tased, and his vehicle's direction of travel and movement was controlled by Defendant Officers WILSON and HOVEY.

30.     Defendant Officer GUTIERREZ arrived with a K9 "Robbie" where Defendant Officer Bryce WILSON and other DOES 1-5, broken the PLAINTIFF's

rear window and prepared to send in K-9 Robbie to attack, chew, and bite the PLAINTIFF.

31.     At no time did PLAINTIFF have any weapons, and was completely blocked off, with nowhere to travel. The DEFENDANTS allege the officers were "rammed" by PLAINTIFF'S vehicle. PLAINTIFF did not intentionally hit any vehicle. The two initial police officers moved the gear shift to reverse and drive and tased the PLAINTIFF causing him to bump the vehicle.

32.     Defendant CORPORAL Joe ESTRADA, Officer GRACIA, and Officer MLODZINSKI were summoned Code 3 by Officer HOVEY, who inaccurately reported the situation strength of the PLAINTIFF.

33.     Soon a Bearcat tractor was placed behind the PLAINTIFF preventing any possible escape. DEFENDANT ESTRADA based upon his training and imagination believed the PLAINTIFF would be armed. He was not.  No weapon was ever observed by Defendants WILSON and HOVEY who were inside the vehicle.

34.     Defendant FLESHER gave commands to break the back window and have the K-9 attack PLAINTIFF. After the K-9 was placed in the vehicle, the police all believed the dog was being strangled to death. Actually, the PLAINTIFF was simply pushing the K-9 away from him to prevent further pain and injury.

35.     The PLAINTIFF was tased by Defendants CORPORAL ESTRADA, OFFICERS Gutierrez, HOVEY, MLODZINSKI, GIALLO, AND WILSON.

36.     PLAINTIFF suffered baton strikes to his left arm by Defendant Officer GUTIERREZ.

37.     The PLAINTIFF suffered multiple strikes to the head by Defendant Officer HOVEY.

38.     The PLAINTIFF suffered strikes to his face when Defendant Officers MLODZINSKI used his taser as a weapon to violently injure the PLAINTIFF.

39.     The PLAINTIFF was pulled out of the vehicle, where several officers intentionally struck his head.

40.     The K-9 should have never been put into the vehicle as the small space both the suspect and dog are in awkward positions.

41.     Defendant Officer Matthew ROSS struck the PLAINTIFF with his baton in the head. ROSS tried to hit PLAINTIFF on his shoulders and arms but kept striking the PLAINTIFF's head.

42.     Defendant Officer Christian NELSEN shot a 40mm and hit the PLAINTIFF from 5 feet away, striking the PLAINTIFF in his arm.

43.     Defendant Sgt. FLESHER gave commands to break the back window of PLAINTIFF's rental vehicle, to shoot the PLAINTIFF with 40mm and have the K-9 attack the PLAINTIFF.

44.     Defendant Officer NELSEN deployed 40mm striking PLAINTIFF'S right arm per orders of Defendant Sgt. FLESHER.

COMPLAINT FOR DAMAGES

45.     Defendant Officer MLODZINSKI tased and struck the head of PLAINTIFF with the taser, then struck PLAINTIFF's face with his fist <u>four times</u>. Defendant William MLODZINSKI also shot pepper balls with orders from Sergeant GIALLO.

46.     The PLAINTIFF also suffered facial blows when Defendant Officer MLODZINSKI used his closed fists to hit the PLAINTIFF in his face.

47.     Defendant Officer FLORES deployed at least 18 pepper balls into the vehicle PLAINTIFF was sitting in.

48.     Defendant Gabriel GUTIERREZ struck PLAINTIFF with four strikes with a baton on the head of the PLAINTIFF.

49.     Defendant Officer FALCONIERI broke the window, shooting pepper balls at PLAINTIFF under orders from Defendant Sgt. GIALLO.

50.     PLAINTIFF was struck forcefully on his right arm by a 40 mm deployed by Defendant Officer NELSEN.

51.     PLAINTIFF was held at gunpoint and hit by Defendant Officer HETTINGA's flashlight multiple times.

52.     Defendant Officer FALCONIERI and Defendant Officer ROSS assisted in the excessive force used on the PLAINTIFF to include the breaking of PLAINTIFF's windows, pepper spraying, tasing, and brutal strikes with and without weapons.

53.     All of the aforementioned acts were committed in the presence of Defendants Sgt. FLESHER, GIALLO, and Defendant Corporal ESTRADA.

54.     The CITY OF ONTARIO's policies and procedures essentially tortured and abused PLAINTIFF for over an hour.

55.     PLAINTIFF will suffer lifetime of disability due to poor planning, poor execution, and poor tactics by Chief Brad KAYLOR which were all unnecessary as the PLAINTIFF was unarmed and completely blocked in.

## FIRST CLAIM FOR RELIEF
**FOURTH AMENDMENT – UNREASONABLE SEARCH AND SEIZURE DETENTION AND ARREST**
**(42 U.S.C. § 1983)**
**(AGAINST ALL DEFENDANTS)**

56.     PLAINTIFF repeats and re-alleges each and every allegation contained in paragraphs 1 through 55 of this Complaint with the same force and effect as if fully set forth herein.

57.     The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy.  42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

58.     ALL DEFENDANT OFFICERS acted under the color of law.

59.     On May 8, 2016, Defendant Officers WILSON and HOVEY made contact with PLAINTIFF, who suffered from mental illness and was not committing any crime. Defendants WILSON and HOVEY had no objectively reasonable or specifically articulable factual basis to suspect the PLAINTIFF was involved in the commission of any crime.   Nor did the Defendant GUTIERREZ have any confirmation that the PLAINTIFF committed any crime, nor posed a threat to any police officer or persons, and did not see the PLAINTIFF in possession of any illegal objects, contraband or weapons.

60.     Defendants WILSON and HOVEY had no reasonable suspicion to detain the PLAINTIFF and no probable cause to arrest the PLAINTIFF.   The scope and manner of Defendant WILSON and HOVEY'S detention of the PLAINTIFF was unreasonable.

61.     The conduct of defendants WILSON and HOVEY violated the PLAINTIFF's right to be free from unreasonable search and seizure, which is guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

62.     Defendants WILSON and HOVEY are liable to the PLAINTIFF, for the PLAINTIFF'S injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

COMPLAINT FOR DAMAGES

63.     The conduct of ALL DEFENDANT OFFICERS and their supervisors was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of the PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to ALL DEFENDANT OFFICERS.

64.     As a direct result of the unreasonable detention of the PLAINTIFF, PLAINTIFF has suffered severe pain, severe suffering and severe injuries some of which may be permanent.  PLAINTIFF seeks damages for the unreasonable detention and unlawful arrest, for his injuries, and emotional distress.  The PLAINTIFF also seeks attorney's fees.

## SECOND CLAIM FOR RELIEF
## FOURTH AMENDMENT – EXCESSIVE FORCE
## (AGAINST ALL DEFENDANTS)

65.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 64 of this Complaint with the same force and effect as if fully set forth herein.

66.     The unjustified detention of PLAINTIFF by Defendants and subsequent unjustified use of excessive force deprived the PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

COMPLAINT FOR DAMAGES

67.     All DEFENDANT OFFICERS and their Supervisors acted under the color of state law.

68.     All DEFENDANT OFFICERS and their Supervisors used excessive force against the PLAINTIFF included but not limited to biting (police dog), beating, striking, punching, tasing, and pepper spraying of the PLAINTIFF.

69.     As a result of the conduct of Defendants they are liable to PLAINTIFF for the PLAINTIFF'S injuries, either because they were integral participants in the excessive force or because they failed to intervene to prevent these violations.

70.     The conduct of Defendants SERGEANT FLESHER, Defendant OFFICERS MLODZINSKI, NELSON GABRIEL GUTIERREZ was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of the PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to ALL DEFENDANT OFFICERS and their Supervisors.  The PLAINTIFF suffered a violent attack by a police dog, a violent beating by several police officers with several direct blows to the head.

71.     Accordingly, each and ALL DEFENDANT OFFICERS are each liable to PLAINTIFF for compensatory and punitive damages under 42 U.S.C. §1983. PLAINTIFF seeks damages for his pain and suffering, his injuries which may be permanent, permanent scarring, and emotional distress under this claim.  PLAINTIFF also seeks attorney's fees.

# THIRD CLAIM FOR RELIEF

## MUNICIPAL LIABILITY – UNCONSTITUTIONAL CUSTOM OR POLICY

## (42 U.S.C. § 1983)

## (AGAINST DEFENDANT CITY OF ONTARIO AND DOES 1-10)

72.    PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 71 of this Complaint with the same force and effect as if fully set forth herein.

73.    On and for some time prior to May 8, 2016 ( and continuing to the present date) Defendants CITY OF ONTARIO and DOES 1-10, deprived the PLAINTIFF of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising, and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of PLAINTIFF, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official policy recognized by the CITY OF ONTARIO and it's police department.

74.    ALL DEFENDANT OFFICERS and their supervisors acted under the color of law.

75.    ALL DEFENDANT OFFICERS and all named Supervisors acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY OF ONTARIO.

76.    On information and belief, ALL DEFENDANT OFFICERS and named Supervisors and their supervisors were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the excessive force incident of the PLAINTIFF on or about May 8, 2016.

77.    Defendants CITY OF ONTARIO together with other CITY OF ONTARIO policymakers and supervisors maintained inter alia, the following unconstitutional customs, practices, and polices:

a.  Using excessive force; including excessive deadly force;

b.  Providing inadequate training regarding the use of deadly force;

c.  Employing and retaining as Officers and other personnel, including ALL OFFICERS and Defendant Supervisors who Defendant CITY OF ONTARIO DOE SUPERVISORS 1-10, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written City of Ontario Police Department policies and for using excessive force.

d.  Inadequately supervising, training, controlling, assigning and disciplining CITY OF ONTARIO OFFICERS and other CITY OF ONTARIO

Department personnel, including ALL OFFICERS, including OFFICERS and SUPERVISORS, who Defendants CITY OF ONTARIO and DOE Supervisors 1-10 each knew, or in the exercise of reasonable care, should have known had the aforementioned propensities and character traits.

e. Maintaining gross inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by ALL OFFICERS, who are CITY OF ONTARIO Officers.

f. Failing to adequately discipline CITY OF ONTARIO OFFICERS, for the above-referenced categories of misconduct, including "slaps on the wrist", discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

g. Refusing to discipline, terminate, or retrain the officers involved, even where the force was deemed to be excessive and unconstitutional in court;

h. Encouraging, accommodating, or facilitating a "blue code of silence", "blue shield," "blue wall," "blue curtain," "blue veil,", or simple "code of silence," pursuant to which deputies do not report other officers' errors, misconduct or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

i.   Maintaining a policy of inaction and an attitude towards indifference towards soaring numbers of incidents of excessive force incidents, including failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in excessive force against individual citizens.

j.   Having and maintaining an unconstitutional custom and practice of using excessive force and covering up police misconduct.  These customs and practices by CITY OF ONTARIO and DOES 1-10 were condoned by said defendants in deliberate indifference to the safety and right of its civilians, including PLAINTIFF.

78.   By reasons of the aforementioned policies and procedures of Defendants CITY OF ONTARIO and DOE SUPERVISORS 1-10, PLAINTIFF experienced severe pain and suffering, severe permanent injury and emotional distress, for which he is entitled to recover damages.

79.   Defendant CITY OF ONTARIO AND DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the different policies, practices, and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions ratified such policies.  Said defendants also acted with deliberate indifference to both the foreseeable effects and

consequences of these policies and to the constitutional rights of the PLAINTIFF, and others similarly situated.

80.     By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants CITY OF ONTARIO, and DOE SUPERVISORS 1-10, acted with and intentional, reckless, callous disregard for the well-being of the PLAINTIFF and his constitutional as well as human rights. Defendants CITY OF ONTARIO and DOE SUPERVISORS 1-10, and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

81.     Furthermore, the policies, practices and customs implemented, maintained and still tolerated by Defendants CITY OF ONTARIO , and DOE SUPERVISORS 1-10, were affirmatively linked to, and were a significantly influential force behind, the PLAINTIFF'S injuries.

## **FOURTH CLAIM FOR RELIEF**
### **MUNICIPAL LIABILITY – RATIFICATION**
### **(42.S.C. § 1983)**
### **(AGAINST DEFENDANT CITY OF ONTARIO AND DOES 1-10)**

82.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 81 of this Complaint with the same force and effect as if fully set forth herein.

83.   Defendants, each of them, acted under color of law.

84.   The acts of ALL DEFENDANT OFFICERS deprived the PLAINTIFF of his particular rights under the United States Constitution.

85.   Upon information and belief, the final policymaker, acting under color of law, has a history of ratifying unreasonable uses of force, including deadly force.

86.   Upon information and belief. A final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants ----- ratified the individual defendants' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of the individual defendants' acts.

87.   Upon information and belief, a final policymaker has determined (or will determine) that the acts of  ALL DEFENDANT OFFICERS were "within policy."

88.   By reason of the aforementioned acts and omissions, PLAINTIFF has suffered severe pain, been seriously and permanently injured, scarred and suffered emotional distress.

89.   Accordingly, Defendants CITY OF ONTARIO and DOES 1-10 each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983 and the PLAINTIFF also seeks attorney's fees.

**FIFTH CLAIM FOR RELIEF**

COMPLAINT FOR DAMAGES

## MUNICIPAL LIABILITY – FAILURE TO TRAIN
## (42 U.S.C. § 1983)
## (AGAINST DEFENDANT CITY OF ONTARIO AND DOES 1-10)

90.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 89 of the Complaint with the same force and effect as if fully set forth herein.

91.     ALL DEFENDANT OFFICERS acted under color of law;

92.     The acts of ALL DEFENDANT OFFICERS deprived the PLAINTIFF of his particular rights under the United States Constitution.

93.     On information and belief, CITY OF ONTARIO failed to properly and adequately train ALL DEFENDANT OFFICERS including but not limited to, with regard to the use of physical force, less than lethal force, and lethal force; and with regard to the treatment of persons who are suspected of having some type of mental illness.

94.     The training policies of Defendant CITY OF ONTARIO were not adequate to train its officers to handle the usual and recurring situations which they must deal, including the use of less than lethal and lethal force, and the treatment of persons who are suspected of having some type of mental illness.

95.     Defendant CITY OF ONTARIO was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

96.     The failure of Defendant CITY OF ONTARIO to provide adequate training caused the deprivation of PLAINTIFF's rights by Defendants -----; that is, Defendants' failure to train is so closely related to the deprivation of PLAINTIFF's rights as to be the moving forces that caused the ultimate injuries.

97.     The aforementioned acts and omissions caused the PLAINTIFF'S pain and suffering, permanent injury, permanent scarring and emotional distress.

98.     Accordingly, Defendants CITY OF ONTARIO and DOES 1-10 each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

99.     PLAINTIFF brings this claim individually for his pain and suffering, his injuries and his emotional distress.  PLAINTIFF also seeks attorney's fees.


### SIXTH CLAIM FOR RELIEF
**FOURTH AMENDMENT – DENIAL OF MEDICAL CARE**
**(42 U.S.C. §1983)**
**(AGAINST ALL DEFENDANT OFFICERS)**

100.    PLAINTIFF hereby re-alleges and incorporates by reference paragraphs 1 through 99 of this Complaint with the same force and effect as if fully set forth herein.

101.    ALL DEFENDANT OFFICERS acted under color of law.

102.    The denial of medical care by Defendants deprived the PLAINTIFF of the right to be secure in his person against unreasonable searches and seizures as

guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.  Defendants ----- did nothing to assist PLAINTIFF, denying him medical care for his sustained injuries.

103.   As an approximate result of Defendants' conduct, PLAINTIFF suffered injuries and damages as set forth herein, including great physical pain and emotional distress, which caused loss of enjoyment of life and loss of earning capacity.

104.   The conduct of Defendants' was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF; and, therefore, warrants the imposition of exemplary and punitive damages as to ALL DEFENDANT OFFICERS.

105.   As a result of their misconduct, Defendants are liable for PLAINTIFF'S injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

106.   PLAINTIFF brings this claim individually.  PLAINTIFF seeks damages for the injuries sustained as a result of Deputies' unnecessary, excessive force; denial of medical care resulting in recovery and long term ailments;  for pain and suffering, emotional distress; and, loss of enjoyment of life.  PLAINTIFF also seeks attorney's fees.

## SEVENTH CLAIM FOR RELIEF

## VIOLATION OF AMERICANS WITH DISABILITIES ACT
## (AGAINST ALL DEFENDANTS)

107.   PLAINTIFF hereby re-alleges and incorporates by reference paragraphs 1 through 106 of this Complaint with the same force and effect as if fully set forth herein.

108.   PLAINTIFF alleges as a claim for relief that the Defendants, in violation of the ADA, failed to provide PLAINTIFF with any reasonable accommodation to his known, disqualifying disability in their interactions with PLAINTIFF on the day of the incident.

109.   As providers of governmental services, the City of Ontario had a duty to comply with the Title II of the ADA prohibiting discrimination against persons with disabilities, a history of having disabilities or who are perceived to have a disability. As of the date of the injury, PLAINTIFF met all three prongs of eligibility for application of the ADA.

110.   As a direct and proximate result of the Defendants' violation of the ADA as set forth above, PLAINTIFF incurred substantial emotional and physical harm.

111.   PLAINTIFF suffered extreme injuries, incurring substantial pain as a direct and proximate result of the Defendants' acts in violation of the ADA as set forth above.

## EIGHT CLAIM FOR RELIEF

COMPLAINT FOR DAMAGES

### INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANT OFFICERS)

112.   PLAINTIFF hereby re-alleges and incorporates by reference paragraphs 1 through 111 of this Complaint with the same force and effect as if fully set forth herein.

113.   PLAINTIFF alleges as a claim for relief, Defendants inflicted emotional distress on him.  Specifically, PLAINTIFF was unaware Defendants had a dog in their unit vehicle and was complying with all of the demands issued by Defendants.

114.   Without notice from Defendants or provocation from PLAINTIFF, the police dog was commanded to attack PLAINTIFF.   This caught PLAINTIFF by extreme surprise as no crime had been committed at the time Defendants ---- pulled PLAINTIFF'S vehicle over and PLAINTIFF was in full compliance with the demands of Defendants

115.   Moreover, Defendants proceeded to unleash their own attack on PLAINTIFF, causing PLAINTIFF to suffer additional emotional distress.

### <u>NINTH CLAIM FOR RELIEF</u>
### VIOLATION OF PLAINTIFF'S RIGHT TO ENJOY CIVIL RIGHTS
### (Cal.Civ. Code §52.1)
### (AGAINST ALL DEFENDANTS)

COMPLAINT FOR DAMAGES

116.   PLAINTIFF hereby re-alleges and incorporates by reference paragraphs 1 through 115 of this Complaint with the same force and effect as if fully set forth herein.

117.   California Civil Code Section 52.1 (the Bane Act) prohibits any person from using violent acts of threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

118.   Conduct that violates the Fourth Amendment violates the California Bane Act.

119.   On information and belief, Defendants while representing the City of Ontario and acting within the course of scope of their duties, intentionally committed acts of violence against PLAINTIFF, including being tased, severely beaten and pepper sprayed by Defendants without justification or excuse, integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.  Defendants' actions thus deprived PLAINTIFF of his right to be free from unreasonable searches and seizures and excessive force under the Fourth Amendment.

120.   On information and belief, Defendants also retaliated against PLAINTIFF by excessively beating beyond reasonable acts.

121.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage PLAINTIFF from exercising his civil rights,

to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

122.   On information and belief, PLAINTIFF reasonably believed and understood the violent acts committed by Defendants were intended to discourage him from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

123.   Defendants' above-described conduct, while acting with the course and scope of their duties for the CITY OF ONTARIO, constituted interference, and attempted interference, by threats, intimidation and coercion, with PLAINTIFF'S peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code § 52.1.

124.   The conduct of Defendants was a substantial factor in causing PLAINTIFF'S losses, harms, injuries, and damages.

125.   CITY OF ONTARIO is vicariously liable for the wrongful acts committed by Defendants pursuant to section 815.2(a) of the California Government Code, which provides a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

126.   Defendant DOES are vicariously liable under California law and the doctrine of *resondeat superior*.

127.   PLAINTIFF brings this claim individually and seeks damages under this claim, as well as attorney's fees.

## TENTH CLAIM FOR RELIEF
## FALSE ARREST AND FALSE IMPRISONMENT
## (AGAINST ALL DEFENDANTS)

128.   PLAINTIFF hereby re-alleges and incorporates by reference paragraphs 1 through 127 of this Complaint with the same force and effect as if fully set forth herein.

129.   Defendants while acting within the course and scope of their duties for the CITY OF ONTARIO, intentionally deprived PLAINTIFF of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  Defendants detained PLAINTIFF without reasonable suspicion and arrested him without probable cause.  The scope and manner of their detention of PLAINTIFF was also unreasonable.

130.   Defendants detained PLAINTIFF for an appreciable amount of time, including demanding he pull over, unleashing their unit dog, as well as tasing, pepper spraying, and excessively beating PLAINTIFF, making PLAINTIFF feel he was not free to leave.

131. The conduct of Defendants was a substantial factor in causing the harm to PLAINTIFF.

132. Defendant CITY OF ONTARIO is vicariously liable for the wrongful acts of Defendants pursuant to section 815.2(a) of the California Government Code, which provides a a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

133. Defendant DOES are vicariously liable under California law and the doctrine of *resondeat superior*.

134. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling PLAINTIFF to an award of exemplary and punitive damages.

135. As a result of their misconduct, Defendants are liable for PLAINTIFF'S injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene and prevent these violations.

136. PLAINTIFF brings this claim individually and seeks damages including for the nature and extent of injuries and loss of enjoyment of life under this claim

### DAMAGES

137. As a direct and proximate result of the defendants' acts and/or omissions alleged herein, PLAINTIFF suffered:

a.  Claims include future medical.

b.  Punitive damage against all individuals allowed as by law.

c.  Mental anguish and suffering associated with this excessive force used on Richard DONASTORG.

d.  Claims for violation of Civil Rights of Richard DONASTORG.

e.  All related claims for the events of May 8, 2016 believed to be in excess of one hundred thousand dollars ($100,000.00).

## PRAYER

WHEREFORE, PLAINTIFF prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1.      For General damages according to proof;

2.      For Special damages according to proof;

3.       For Punitive damages as provided by law, in an amount to provide against each individual Defendant;

4.       For attorney's fees;

5.       For Costs of suit;

6.      For such other and further relief as the Court may deem proper.

Dated: May 7, 2018

By:___ ____/s/_____

Sharon Brunner, Esq

Attorney for PLAINTIFF

Dated: May 7, 2018

COMPLAINT FOR DAMAGES

By:___ ___/s/_____

James Terrell, Esq

Attorney for PLAINTIFF

## **JURY TRIAL DEMANDED**

PLAINTIFF demands a jury trial.

Dated: May 7, 2018

By: _____ /s/_____

Sharon J Brunner, Esq

Attorney for PLAINTIFF

Dated: May 7, 2018

By: _____ /s/_____

James Terrell, Esq

Attorney for PLAINTIFF

COMPLAINT FOR DAMAGES