1  DANIEL S. ROBERTS, Bar No. 205535
   droberts@cotalawfirm.com
2  COTA COLE & HUBER LLP
   3401 Centrelake Drive, Suite 670
3  Ontario, California 91761
   Telephone:   (909) 230-4209
4  Facsimile:   (909) 937-2034

5  Attorneys for Defendants City of Ontario,
   Brad Kaylor, Gary Crosby, Joe Estrada,
6  Brennan Falconieri, James Flesher,
   Edward Flores, Gabriel Gutierrez, Joseph
7  Giallo, Corey Hettinga, Joshua Hovey,
   William Mlodzinski, Christian Nelsen,
8  Matthew Ross, William Russell, and
   Bryce Wilson

9

10

11                  UNITED STATES DISTRICT COURT

12                  CENTRAL DISTRICT OF CALIFORNIA

13

14
   RICHARD DONASTORG,                    Case No. 5:18-CV-992 JGB (SPx)
15
              Plaintiff,                  **DEFENDANTS' ANSWER TO**
16                                        **COMPLAINT**
         v.
17                                        Hon. Jesus G. Bernal
   CITY OF ONTARIO, POLICE CHIEF
18 BRAD KAYLOR, GARY CROSBY,
   CORPORAL JOE ESTRADA,
19 BRENNAN FALCONIERI,
   SERGEANT FLESHER, EDWARD
20 FLORES, GABRIEL GUTIERREZ,
   SERGEANT JOSEPH GIALLO,
21 COREY HETTINGA, JOSHUA
   HOVEY, WILLIAM MLODZINSKI,
22 CHRISTIAN NELSEN, MATTHEW
   ROSS, W. RUSSELL, BRYCE
23 WILSON, AND DOES 1-10
   INCLUSIVE,
24
              Defendants.
25

26

27

28

00061034.1

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants City of Ontario, Brad Kaylor, Gary Crosby, Joe Estrada, Brennan Falconieri, James Flesher, Edward Flores, Gabriel Gutierrez, Joseph Giallo, Corey Hettinga, Joshua Hovey, William Mlodzinski, Christian Nelsen, Matthew Ross, William Russell, and Bryce Wilson (collectively "Defendants"), for themselves only, answer the Complaint of Plaintiff Richard Donastorg ("Complainant").  If an averment is not specifically admitted, it is hereby denied.

## **ANSWER TO COMPLAINT**

### JURISDICTION AND VENUE

1.      Answering paragraph 1 of the Complaint, Defendants admit that this Court has subject-matter jurisdiction over this case.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

2.      Answering paragraph 2 of the Complaint, Defendants admit that this Court has subject-matter jurisdiction over this case.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

3.      Answering paragraph 3 of the Complaint, Defendants admit that venue in this case is proper in the Central District of California, that at least one named Defendant resides in this District, and that Plaintiff's arrest at issue in this case occurred within this District.  Except as expressly admitted herein, Defendants deny each and every allegation contained in paragraph 3 of the Complaint.

4.      Answering paragraph 4 of the Complaint, Defendants admit that Plaintiff submitted a claim to the City of Ontario pursuant to the California Government Claims Act on or about November 15, 2016, and that Plaintiff includes in this Complaint additional claims arising under California law.  Except as expressly admitted herein, Defendants deny each and every allegation contained in paragraph 4 of the Complaint.

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

1

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

<u>PARTIES AND JURISDICTION</u>

5.      Answering paragraph 5 of the Complaint, Defendants admit that Plaintiff was over the age of 18 at the time of his arrest at issue in this case. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in that paragraph, and on that basis deny each and every such remaining allegation.

6.      Answering paragraph 6 of the Complaint, Defendants admit that the City of Ontario is a California general law city, and that it maintains a police department.  Except as expressly admitted herein, Defendants deny each and every allegation contained in paragraph 6 of the Complaint.

7.      Answering paragraph 7 of the Complaint, Defendants admit that at the time of Plaintiff's arrest at issue in this lawsuit, Brad Kaylor was the Chief of Police for the City of Ontario, and as such was a final policymaker for the City.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

8.      Answering paragraph 8 of the Complaint, Defendants admit that Gary Crosby is, and was at the time of Plaintiff's arrest at issue in this case, a police officer employed by the City of Ontario.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

9.      Answering paragraph 9 of the Complaint, Defendants admit that Joe Estrada is, and was at the time of Plaintiff's arrest at issue in this case, a police officer employed by the City of Ontario.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

10.     Answering paragraph 10 of the Complaint, Defendants admit that Brennan Falconieri is, and was at the time of Plaintiff's arrest at issue in this case, a police officer employed by the City of Ontario.  Except as expressly admitted

herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

11.     Answering paragraph 11 of the Complaint, Defendants admit that James Flesher is, and was at the time of Plaintiff's arrest at issue in this case, a police officer employed by the City of Ontario.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

12.     Answering paragraph 12 of the Complaint, Defendants admit that Edward Flores is, and was at the time of Plaintiff's arrest at issue in this case, a police officer employed by the City of Ontario.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

13.     Answering paragraph 13 of the Complaint, Defendants admit that Gabriel Gutierrez is, and was at the time of Plaintiff's arrest at issue in this case, a police officer employed by the City of Ontario.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

14.     Answering paragraph 14 of the Complaint, Defendants admit that Joseph Giallo is, and was at the time of Plaintiff's arrest at issue in this case, a police officer employed by the City of Ontario.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

15.     Answering paragraph 15 of the Complaint, Defendants admit that Corey Hettinga is, and was at the time of Plaintiff's arrest at issue in this case, a police officer employed by the City of Ontario.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

16.    Answering paragraph 16 of the Complaint, Defendants admit that Joshua Hovey was at the time of Plaintiff's arrest at issue in this case a police officer employed by the City of Ontario.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

17.    Answering paragraph 17 of the Complaint, Defendants admit that William Mlodzinski is, and was at the time of Plaintiff's arrest at issue in this case, a police officer employed by the City of Ontario.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

18.    Answering paragraph 18 of the Complaint, Defendants admit that Christian Nelsen is, and was at the time of Plaintiff's arrest at issue in this case, a police officer employed by the City of Ontario.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

19.    Answering paragraph 19 of the Complaint, Defendants admit that Matthew Ross is, and was at the time of Plaintiff's arrest at issue in this case, a police officer employed by the City of Ontario.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

20.    Answering paragraph 20 of the Complaint, Defendants admit that William Russell is, and was at the time of Plaintiff's arrest at issue in this case, a police officer employed by the City of Ontario.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

21.    Answering paragraph 21 of the Complaint, Defendants admit that Bryce Wilson is, and was at the time of Plaintiff's arrest at issue in this case, a police officer employed by the City of Ontario.  Except as expressly admitted

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

4

1    herein, Defendants deny each and every allegation contained in that paragraph of the

2    Complaint.

3        22.    Answering paragraph 22 of the Complaint, Defendants lack sufficient

4    information to form a belief as to the truth of the allegations contained therein, and

5    on that basis deny each and every allegation contained in that paragraph.

6        23.    Answering paragraph 23 of the Complaint, Defendants lack sufficient

7    information to form a belief as to the truth of the allegations contained therein, and

8    on that basis deny each and every allegation contained in that paragraph.

9        24.    Answering paragraph 24 of the Complaint, Defendants admit that

10   Plaintiff brings this suit pursuant to 42 U.S.C. § 1983 seeking damages and other

11   legal remedies, based on allegations that Defendants have violated his rights under

12   the United States Constitution under color of state law.  Defendants deny that any of

13   them violated Plaintiff's rights.  Except as expressly admitted herein, Defendants

14   deny each and every allegation contained in paragraph 24 of the Complaint.

15       25.    Answering paragraph 25 of the Complaint, Defendants admit that

16   Plaintiff's arrest at issue in this lawsuit occurred within the City of Ontario.  Except

17   as expressly admitted herein, Defendants deny each and every allegation contained

18   in that paragraph of the Complaint.

19       26.    Answering paragraph 26 of the Complaint, Defendants admit that this

20   Court has subject-matter jurisdiction over the above-captioned case, and this Court

21   is the proper venue for this action.  Except as expressly admitted herein, Defendants

22   deny each and every allegation contained in paragraph 26 of the Complaint.

23                                    FACTS

24       27.    Answering paragraph 27 of the Complaint, Defendants admit that on

25   May 8, 2016, shortly before 5:00 a.m., Plaintiff drove his car into a gas station.

26   Except as expressly admitted herein, Defendants deny each and every allegation

27   contained in that paragraph of the Complaint.

28

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

28.     Answering paragraph 28 of the Complaint, Defendants admit that, following a traffic stop of Plaintiff's vehicle, officers Hovey and Wilson approached Plaintiff's vehicle near the convenience store at the TA West truck stop.  Defendants further admit that officers thereafter ordered Plaintiff to exit his vehicle.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

29.     Answering paragraph 29 of the Complaint, Defendants admit that after Plaintiff refused officer commands to put his car in park and instead began to back his car up toward the officers, Officer Wilson reached into Plaintiff's car and put it in park.  Defendants further admit that Plaintiff put the car in reverse and rammed a police vehicle behind him.  Defendants further admit that Officers Hovey and Wilson each used his respective TASER on Plaintiff.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

30.     Answering paragraph 30 of the Complaint, Defendants admit that after Plaintiff refused police commands to exit his vehicle over the span of approximately 30 minutes, Officer Gutierrez arrived to the scene with his police service dog "Robbie."  Defendants further admit that after Plaintiff refused to comply with several more minutes of commands to exit the vehicle, including K9 announcements, officers broke out the rear window of Plaintiff's vehicle and deployed the police service dog through that window.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

31.     Answering paragraph 31 of the Complaint, Defendants admit Plaintiff hit officers Hovey and Wilson with his vehicle, and also rammed his vehicle into a police car and other civilian cars parked nearby.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

32.     Answering paragraph 32 of the Complaint, Defendants admit that Defendants Estrada and Mlodzinski, as well as non-defendant officer Gracia, responded to the scene code three.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

33.     Answering paragraph 33 of the Complaint, Defendants admit that a "Bearcat" tactical police vehicle was placed behind Plaintiff's car in an attempt to prevent further movement of Plaintiff's vehicle.  Defendants further admit that Defendant Estrada observed Plaintiff frantically digging for items inside Plaintiff's vehicle, and thought that he Plaintiff could be armed, though he did not know whether Plaintiff was in fact armed inside the vehicle.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

34.     Answering paragraph 34 of the Complaint, Defendants admit that Defendant Flesher instructed officers to break the back window of Plaintiff's car and to deploy the police service dog through that window to apprehend Plaintiff. Defendants further admit that officers believed that Plaintiff thereafter was attempting to strangle the police service dog to death.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

35.     Answering paragraph 35 of the Complaint, Defendants admit that Defendants Estrada, Hovey, Mlodzinski, Giallo, and Wilson each tased Plaintiff. Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

36.     Answering paragraph 36 of the Complaint, Defendants admit that Defendant Gutierrez struck Plaintiff's left arm with his baton as Plaintiff was choking police service dog Robbie.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

37.     Answering paragraph 37 of the Complaint, Defendants admit that Defendant Hovey struck Plaintiff four times while Plaintiff was choking police service dog Robbie, and that while those strikes were aimed for Plaintiff's upper torso, Plaintiff was moving and the strikes ended up hitting Plaintiff in the head. Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

38.     Answering paragraph 38 of the Complaint, Defendants admit that Defendant Mlodzinski struck Plaintiff in the face while Plaintiff was choking the police service dog.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

39.     Answering paragraph 39 of the Complaint, Defendants admit that Plaintiff was pulled out of his vehicle while he was choking police service dog Robbie, and that Plaintiff was struck in the head.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

40.     Answering paragraph 40 of the Complaint, Defendants deny each and every allegation contained therein.

41.     Answering paragraph 41 of the Complaint, Defendants admit that Defendant Ross struck Plaintiff with his baton while Plaintiff was choking police service dog Robbie, and that some but not all of those strikes landed on Plaintiff's head.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

42.     Answering paragraph 42 of the Complaint, Defendants admit that while Plaintiff was still inside his vehicle choking police service dog Robbie, Defendant Nelsen shot a 40mm sponge round at Plaintiff from approximately 5-6 feet outside the vehicle, striking Plaintiff in the left elbow.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

43.     Answering paragraph 43 of the Complaint, Defendants admit that Defendant Flesher gave the command to break out the back window of Plaintiff's vehicle.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

44.     Answering paragraph 44 of the Complaint, Defendants deny each and every allegation contained therein

45.     Answering paragraph 45 of the Complaint, Defendants admit that Defendant Mlodzinski tased Plaintiff (without effect) and thereafter struck Plaintiff in the face while Plaintiff was choking police service dog Robbie.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

46.     Answering paragraph 46 of the Complaint, Defendants admit Officer Mlodzinski struck Plaintiff in the face with his closed fist while Plaintiff was choking police service dog Robbie.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

47.     Answering paragraph 47 of the Complaint, Defendants admit that Defendant Flores fired up to 18 pepper balls into Plaintiff's vehicle while Plaintiff was inside it.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

48.     Answering paragraph 48 of the Complaint, Defendants admit that Defendant Gutierrez struck Plaintiff with his baton four times on the left arm.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

49.     Answering paragraph 49 of the Complaint, Defendants deny each and every allegation contained therein.

50.     Answering paragraph 50 of the Complaint, Defendants deny each and every allegation contained therein.

51.     Answering paragraph 51 of the Complaint, Defendants admit that at one point during the incident, Defendant Hettinga held Plaintiff at gunpoint, and that at another point during the incident, Defendant Hettinga struck Plaintiff with his flashlight multiple times in the leg.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

52.     Answering paragraph 52 of the Complaint, Defendants deny each and every allegation contained therein.

53.     Answering paragraph 53 of the Complaint, Defendants admit that Defendants Flesher, Giallo, and Estrada were present during the arrest and various uses of force against Plaintiff.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint

54.     Answering paragraph 54 of the Complaint, Defendants deny each and every allegation contained therein.

55.     Answering paragraph 55 of the Complaint, Defendants deny each and every allegation contained therein.

FIRST CLAIM FOR RELIEF

FOURTH AMENDMENT – UNREASONABLE SEARCH AND SEIZURE

DETENTION AND ARREST

(42 U.S.C. § 1983)

(AGAINST ALL DEFENDANTS)

56.     Paragraph 56 of Plaintiff's Complaint contains no factual allegations, but instead merely incorporates by reference the allegations contained in the preceding paragraphs.  In response thereto, Defendants similarly incorporate by this reference their responses to each corresponding allegation as stated above.

57.     Answering paragraph 57 of the Complaint, Defendants assert that said paragraph contains no factual allegations requiring a response from Defendants, but instead only legal conclusions.  To the extent said paragraph is read to contain some

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

factual allegation requiring a response from Defendants, Defendants deny each and every such allegation.

58.     Answering paragraph 58 of the Complaint, Defendants admit that each named Defendant did what he did during Plaintiff's arrest at issue in this lawsuit under color of law.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

59.     Answering paragraph 59 of the Complaint, Defendants admit that on May 8, 2016 Defendants Wilson and Hovey made contact with Plaintiff. Defendants lack sufficient information to form a belief as to the truth of the allegation that Plaintiff suffered from a mental illness, and on that basis deny such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

60.     Answering paragraph 60 of the Complaint, Defendants deny each and every allegation contained therein.

61.     Answering paragraph 61 of the Complaint, Defendants deny each and every allegation contained therein.

62.     Answering paragraph 62 of the Complaint, Defendants deny each and every allegation contained therein.

63.     Answering paragraph 63 of the Complaint, Defendants deny each and every allegation contained therein.

64.     Answering paragraph 64 of the Complaint, Defendants deny each and every allegation contained therein.

<u>SECOND CLAIM FOR RELIEF</u>

FOURTH AMENDMENT – EXCESSIVE FORCE

(AGAINST ALL DEFENDANTS)

65.     Paragraph 65 of Plaintiff's Complaint contains no factual allegations, but instead merely incorporates by reference the allegations contained in the

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

preceding paragraphs.  In response thereto, Defendants similarly incorporate by this reference their responses to each corresponding allegation as stated above.

66.    Answering paragraph 66 of the Complaint, Defendants deny each and every allegation contained therein.

67.    Answering paragraph 67 of the Complaint, Defendants admit that each named Defendant did what he did during Plaintiff's arrest at issue in this lawsuit under color of law.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

68.    Answering paragraph 68 of the Complaint, Defendants deny each and every allegation contained therein.

69.    Answering paragraph 69 of the Complaint, Defendants deny each and every allegation contained therein.

70.    Answering paragraph 70 of the Complaint, Defendants deny each and every allegation contained therein.

71.    Answering paragraph 71 of the Complaint, Defendants assert that said paragraph contains no factual allegations requiring a response from Defendants, but instead only legal conclusions and a prayer for relief.  To the extent said paragraph is read to contain some factual allegation requiring a response from Defendants, Defendants deny each and every such allegation.

<u>THIRD CLAIM FOR RELIEF</u>

MUNICIPAL LIABILITY – UNCONSTITUTIONAL CUSTOM OR POLICY

(42 U.S.C. § 1983)

(AGAINST DEFENDANTS CITY OF ONTARIO AND DOES 1-10)

72.    Paragraph 72 of Plaintiff's Complaint contains no factual allegations, but instead merely incorporates by reference the allegations contained in the preceding paragraphs.  In response thereto, Defendants similarly incorporate by this reference their responses to each corresponding allegation as stated above.

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

73.     Answering paragraph 73 of the Complaint, Defendants deny each and every allegation contained therein.

74.     Answering paragraph 74 of the Complaint, Defendants admit that each named Defendant did what he did during Plaintiff's arrest at issue in this lawsuit under color of law.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

75.     Answering paragraph 75 of the Complaint, Defendants deny each and every allegation contained therein.

76.     Answering paragraph 76 of the Complaint, Defendants deny each and every allegation contained therein.

77.     Answering paragraph 77 of the Complaint, Defendants deny each and every allegation contained therein.

78.     Answering paragraph 78 of the Complaint, Defendants deny each and every allegation contained therein.

79.     Answering paragraph 79 of the Complaint, Defendants deny each and every allegation contained therein.

80.     Answering paragraph 80 of the Complaint, Defendants deny each and every allegation contained therein.

81.     Answering paragraph 81 of the Complaint, Defendants deny each and every allegation contained therein.

## FOURTH CLAIM FOR RELIEF

### MUNICIPAL LIABILITY – RATIFICATION

### (42 U.S.C. § 1983)

### (AGAINST DEFENDANT CITY OF ONTARIO AND DOES 1-10)

82.     Paragraph 82 of Plaintiff's Complaint contains no factual allegations, but instead merely incorporates by reference the allegations contained in the preceding paragraphs.  In response thereto, Defendants similarly incorporate by this reference their responses to each corresponding allegation as stated above.

83.   Answering paragraph 83 of the Complaint, Defendants admit that each named Defendant did what he did during Plaintiff's arrest at issue in this lawsuit under color of law.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

84.   Answering paragraph 84 of the Complaint, Defendants deny each and every allegation contained therein.

85.   Answering paragraph 85 of the Complaint, Defendants deny each and every allegation contained therein.

86.   Answering paragraph 86 of the Complaint, Defendants deny each and every allegation contained therein.

87.   Answering paragraph 87 of the Complaint, Defendants deny each and every allegation contained therein.

88.   Answering paragraph 88 of the Complaint, Defendants deny each and every allegation contained therein.

89.   Answering paragraph 89 of the Complaint, Defendants assert that said paragraph contains no factual allegations requiring a response from Defendants, but instead only legal conclusions and a prayer for relief.  To the extent said paragraph is read to contain some factual allegation requiring a response from Defendants, Defendants deny each and every such allegation.

<u>FIFTH CLAIM FOR RELIEF</u>

MUNICIPAL LIABILITY – FAILURE TO TRAIN

(42 U.S.C. § 1983)

(AGAINST DEFENDANT CITY OF ONTARIO AND DOES 1-10)

90.   Paragraph 90 of Plaintiff's Complaint contains no factual allegations, but instead merely incorporates by reference the allegations contained in the preceding paragraphs.  In response thereto, Defendants similarly incorporate by this reference their responses to each corresponding allegation as stated above.

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

91. Answering paragraph 91 of the Complaint, Defendants admit that each named Defendant did what he did during Plaintiff's arrest at issue in this lawsuit under color of law. Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

92. Answering paragraph 92 of the Complaint, Defendants deny each and every allegation contained therein.

93. Answering paragraph 93 of the Complaint, Defendants deny each and every allegation contained therein.

94. Answering paragraph 94 of the Complaint, Defendants deny each and every allegation contained therein.

95. Answering paragraph 95 of the Complaint, Defendants deny each and every allegation contained therein.

96. Answering paragraph 96 of the Complaint, Defendants deny each and every allegation contained therein.

97. Answering paragraph 97 of the Complaint, Defendants deny each and every allegation contained therein.

98. Answering paragraph 98 of the Complaint, Defendants assert that said paragraph contains no factual allegations requiring a response from Defendants, but instead only legal conclusions. To the extent said paragraph is read to contain some factual allegation requiring a response from Defendants, Defendants deny each and every such allegation.

99. Answering paragraph 99 of the Complaint, Defendants assert that said paragraph contains no factual allegations requiring a response from Defendants, but instead only a prayer for relief. To the extent said paragraph is read to contain some factual allegation requiring a response from Defendants, Defendants deny each and every such allegation.

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

SIXTH CLAIM FOR RELIEF

FOURTH AMENDMENT – DENIAL OF MEDICAL CARE

(42 U.S.C. § 1983)

(AGAINST ALL DEFENDANT OFFICERS)

100.   Paragraph 100 of Plaintiff's Complaint contains no factual allegations, but instead merely incorporates by reference the allegations contained in the preceding paragraphs.  In response thereto, Defendants similarly incorporate by this reference their responses to each corresponding allegation as stated above.

101.   Answering paragraph 101 of the Complaint, Defendants admit that each named Defendant did what he did during Plaintiff's arrest at issue in this lawsuit under color of law.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

102.   Answering paragraph 102 of the Complaint, Defendants deny each and every allegation contained therein.

103.   Answering paragraph 103 of the Complaint, Defendants deny each and every allegation contained therein.

104.   Answering paragraph 104 of the Complaint, Defendants deny each and every allegation contained therein.

105.   Answering paragraph 105 of the Complaint, Defendants deny each and every allegation contained therein.

106.   Answering paragraph 106 of the Complaint, Defendants assert that said paragraph contains no factual allegations requiring a response from Defendants, but instead only legal conclusions and a prayer for relief.  To the extent said paragraph is read to contain some factual allegation requiring a response from Defendants, Defendants deny each and every such allegation.

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

COTA COLE & HUBER LLP<br>3401 CENTRELAKE DRIVE, SUITE 670<br>ONTARIO, CALIFORNIA 91761

## SEVENTH CLAIM FOR RELIEF

### VIOLATION OF AMERICANS WITH DISABILITIES ACT

### (AGAINST ALL DEFENDANTS)

107.   Paragraph 107 of Plaintiff's Complaint contains no factual allegations, but instead merely incorporates by reference the allegations contained in the preceding paragraphs.  In response thereto, Defendants similarly incorporate by this reference their responses to each corresponding allegation as stated above.

108.   Answering paragraph 108 of the Complaint, Defendants deny each and every allegation contained therein.

109.   Answering paragraph 109 of the Complaint, Defendants deny each and every allegation contained therein.

110.   Answering paragraph 110 of the Complaint, Defendants deny each and every allegation contained therein.

111.   Answering paragraph 111 of the Complaint, Defendants deny each and every allegation contained therein.

## EIGHTH CLAIM FOR RELIEF

### INFLICTION OF EMOTIONAL DISTRESS

### (AGAINST ALL DEFENDANT OFFICERS)

112.   Paragraph 112 of Plaintiff's Complaint contains no factual allegations, but instead merely incorporates by reference the allegations contained in the preceding paragraphs.  In response thereto, Defendants similarly incorporate by this reference their responses to each corresponding allegation as stated above.

113.   Answering paragraph 113 of the Complaint, Defendants deny each and every allegation contained therein.

114.   Answering paragraph 114 of the Complaint, Defendants admit that a police service dog was deployed to apprehend Plaintiff.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph of the Complaint.

1   115.   Answering paragraph 115 of the Complaint, Defendants deny each and
2   every allegation contained therein.

3   NINTH CLAIM FOR RELIEF

4   VIOLATION OF PLAINTIFF'S RIGHT TO ENJOY CIVIL RIGHTS

5   (CAL. CIV. CODE § 52.1)

6   (AGAINST ALL DEFENDANTS)

7   116.   Paragraph 116 of Plaintiff's Complaint contains no factual allegations,
8   but instead merely incorporates by reference the allegations contained in the
9   preceding paragraphs.  In response thereto, Defendants similarly incorporate by this
10  reference their responses to each corresponding allegation as stated above.

11  117.   Answering paragraph 117 of the Complaint, Defendants assert that said
12  paragraph contains no factual allegations requiring a response from Defendants, but
13  instead only legal conclusions.  To the extent said paragraph is read to contain some
14  factual allegation requiring a response from Defendants, Defendants deny each and
15  every such allegation.

16  118.   Answering paragraph 118 of the Complaint, Defendants assert that said
17  paragraph contains no factual allegations requiring a response from Defendants, but
18  instead only a legal conclusion.  To the extent said paragraph is read to contain some
19  factual allegation requiring a response from Defendants, Defendants deny each and
20  every such allegation.

21  119.   Answering paragraph 119 of the Complaint, Defendants deny each and
22  every allegation contained therein.

23  120.   Answering paragraph 120 of the Complaint, Defendants deny each and
24  every allegation contained therein.

25  121.   Answering paragraph 121 of the Complaint, Defendants deny each and
26  every allegation contained therein.

27  122.   Answering paragraph 122 of the Complaint, Defendants deny each and
28  every allegation contained therein.

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

1    123.   Answering paragraph 123 of the Complaint, Defendants deny each and
2    every allegation contained therein.

3    124.   Answering paragraph 124 of the Complaint, Defendants deny each and
4    every allegation contained therein.

5    125.   Answering paragraph 125 of the Complaint, Defendants assert that said
6    paragraph contains no factual allegations requiring a response from Defendants, but
7    instead only a legal conclusion.  To the extent said paragraph is read to contain some
8    factual allegation requiring a response from Defendants, Defendants deny each and
9    every such allegation.

10    126.   Answering paragraph 126 of the Complaint, Defendants assert that said
11    paragraph contains no factual allegations requiring a response from Defendants, but
12    instead only a legal conclusion.  To the extent said paragraph is read to contain some
13    factual allegation requiring a response from Defendants, Defendants deny each and
14    every such allegation.

15    127.   Answering paragraph 127 of the Complaint, Defendants assert that said
16    paragraph contains no factual allegations requiring a response from Defendants, but
17    instead only a prayer for relief.  To the extent said paragraph is read to contain some
18    factual allegation requiring a response from Defendants, Defendant deny each and
19    every such allegation.

20    <u>TENTH CLAIM FOR RELIEF</u>
21    FALSE ARREST AND FALSE IMPRISONMENT
22    (AGAINST ALL DEFENDANTS)

23    128.   Paragraph 128 of Plaintiff's Complaint contains no factual allegations,
24    but instead merely incorporates by reference the allegations contained in the
25    preceding paragraphs.  In response thereto, Defendants similarly incorporate by this
26    reference their responses to each corresponding allegation as stated above.

27    129.   Answering paragraph 129 of the Complaint, Defendants deny each and
28    every allegation contained therein.

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

1    130.   Answering paragraph 130 of the Complaint, Defendants admit that they

2    detained and arrested Plaintiff, that Officer Hovey conducted a traffic stop of

3    Plaintiff, that the police service dog was later used to apprehend Plaintiff, and that

4    force, including TASERs, pepper balls, batons, and personal weapons were used to

5    overcome Plaintiff's resistance to arrest.  Except as expressly admitted herein,

6    Defendants deny each and every allegation contained in that paragraph of the

7    Complaint.

8    131.   Answering paragraph 131 of the Complaint, Defendants deny each and

9    every allegation contained therein.

10    132.   Answering paragraph 132 of the Complaint, Defendants assert that said

11    paragraph contains no factual allegations requiring a response from Defendants, but

12    instead only legal conclusions.  To the extent said paragraph is read to contain some

13    factual allegation requiring a response from Defendants, Defendants deny each and

14    every such allegation.

15    133.   Answering paragraph 133 of the Complaint, Defendants assert that said

16    paragraph contains no factual allegations requiring a response from Defendants, but

17    instead only legal conclusions.  To the extent said paragraph is read to contain some

18    factual allegation requiring a response from Defendants, Defendants deny each and

19    every such allegation.

20    134.   Answering paragraph 134 of the Complaint, Defendants deny each and

21    every allegation contained therein.

22    135.   Answering paragraph 135 of the Complaint, Defendants deny each and

23    every allegation contained therein.

24    136.   Answering paragraph 136 of the Complaint, Defendants assert that said

25    paragraph contains no factual allegations requiring a response from Defendants, but

26    instead only a prayer for relief.  To the extent said paragraph is read to contain some

27    factual allegation requiring a response from Defendants, Defendant deny each and

28    every such allegation.

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

## DAMAGES

137.   Answering paragraph 137 of the Complaint, Defendants deny each and every allegation contained therein.

## **AFFIRMATIVE DEFENSES**

In addition to the responses specified above to Plaintiff's allegations in his Complaint, Defendants assert the following affirmative defenses. The inclusion of a matter as an affirmative defense below is not intended to waive, in any way, Plaintiff's burden to prove all elements of each claim for relief he asserts.

## FIRST AFFIRMATIVE DEFENSE

### (Qualified Immunity)

1.   Defendants Kaylor, Crosby, Estrada, Falconieri, Flesher, Flores, Gutierrez, Giallo, Hettinga, Hovey, Mlodzinski, Nelsen, Ross, Russell, and Wilson assert that they are entitled to qualified immunity from each and every claim pled against them under 42 U.S.C. § 1983.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

2.   Defendants are informed and believe, and thereon allege that though under a duty to do so, Plaintiff has failed and neglected to mitigate the alleged damages, and therefore cannot recover against Defendants whether as alleged, or otherwise.  Defendants are informed and believe and thereon allege that Plaintiff failed to exercise his duty to mitigate and limit his damage claim as to Defendants, which acts and omissions by Plaintiff have estopped Plaintiff from asserting any claim for damages or seeking the relief requested against Defendants.

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

## THIRD AFFIRMATIVE DEFENSE

### (Assumption of Risk)

3.      Defendants allege that Plaintiff voluntarily assumed all risks, responsibility and liability for the alleged injuries or damages, if any, sustained by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4.      Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged duty, act or omission of any nature by Defendants, which waiver serves to preclude any recovery here sought by Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

### (Claims Barred by Cal. Gov't Code § 815)

5.      Defendants allege that each and every state-law claim for relief contained in Plaintiff's Complaint is barred by the provisions of California Government Code section 815.  Specifically, except as otherwise provided by statute, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

## SIXTH AFFIRMATIVE DEFENSE

### (Claims Barred by Cal. Gov't Code § 815.2)

6.      Defendants allege that each and every state-law claim for relief contained in Plaintiff's Complaint is barred by the provisions of California Government Code section 815.2.  Specifically, except as otherwise provided by statute, a public entity is not liable for any injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

## SEVENTH AFFIRMATIVE DEFENSE

### (Claims Barred by Cal. Gov't Code § 820.2)

7.      Defendants allege that each and every state-law claim for relief contained in Plaintiff's Complaint is barred by the provisions of California

Government Code section 820.2.  Specifically, except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of exercise of the discretion vested in him, whether or not such discretion be abused.

EIGHTH AFFIRMATIVE DEFENSE

(Claims Barred by Cal. Penal Code § 835a)

8.      Defendants allege that each and every state-law claim for relief contained in Plaintiff's Complaint is barred by the provisions of California Penal Code section 835a.  Specifically, officers may use reasonable force to affect an arrest.

NINTH AFFIRMATIVE DEFENSE

(Claims Barred by Cal. Gov't Code § 820.4)

9.      Defendants allege that each and every state-law claim for relief contained in Plaintiff's Complaint is barred by the provisions of California Government Code section 820.4.  Specifically, a public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law.

TENTH AFFIRMATIVE DEFENSE

(Claims Barred by Cal. Gov't Code § 820.8)

10.     Defendants allege that each and every state-law claim for relief contained in Plaintiff's Complaint is barred by the provisions of California Government Code section 820.8.  Specifically, except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person.

ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Comply with Government Claims Act)

11.     Defendants allege that to the extent any of Plaintiff's claims for money exceed the scope of the claim he presented to the City of Ontario on or about

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

1   November 15, 2016, such claims are barred by California Government Code

2   § 945.4.

3   TWELFTH AFFIRMATIVE DEFENSE

4   (Statute of Limitations)

5       12.   Defendants allege that Plaintiff's claims are barred by the applicable

6   statutes of limitation, including but not limited to California Government Code

7   section 945.6(a)(1) and California Code of Civil Procedure sections 340(c), 335.1,

8   and 338(a).

9   THIRTEENTH AFFIRMATIVE DEFENSE

10  (Probable Cause)

11      13.   Defendants allege that Plaintiff's claim for false arrest/false

12  imprisonment under state law is barred because his arrest was supported by probable

13  cause.

14  FOURTEENTH AFFIRMATIVE DEFENSE

15  (Collateral Estoppel / Heck Bar)

16      14.   Defendants allege that some or all of Plaintiff's claims in the Complaint

17  are barred by the doctrine of collateral estoppel, the rule in Heck v. Humphrey, or

18  both.

19

20      WHEREFORE, Defendants pray for relief as follows:

21      1.   That the Complaint be dismissed, with prejudice and in its entirety;

22      2.   That Plaintiff take nothing by reason of this Complaint and that

23  judgment be entered against Plaintiff and in favor of Defendants;

24  / / /

25  / / /

26  / / /

27  / / /

28

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

3.    That Defendants be awarded their costs incurred in defending this action;

4.    That Defendants be granted such other and further relief as the Court may deem just and proper.

Dated:  August 17, 2018            COTA COLE & HUBER LLP


By:        /s/ Daniel S. Roberts
           Daniel S. Roberts
           Attorneys for Defendants City of Ontario,
           Brad Kaylor, Gary Crosby, Joe Estrada,
           Brennan Falconieri, James Flesher, Edward
           Flores, Gabriel Gutierrez, Joseph Giallo,
           Corey Hettinga, Joshua Hovey, William
           Mlodzinski, Christian Nelsen, Matthew
           Ross, William Russell, and Bryce Wilson

COTA COLE & HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

00061034.1

25