UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 18-992 JGB (SPx) | Date | June 4, 2021 |
| Title | *Richard Donastorg v. City of Ontario, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motions in Limine 1-2 (Dkt. Nos. 62, 63); and (2) GRANTING Defendants' Motions in Limine 1-4 (Dkt. Nos. 64, 65, 66, and 89).

Before the Court are two motions in limine filed by Plaintiff, ("Pl.'s MIL 1," Dkt. No. 62; "Pl.'s MIL 2," Dkt. No. 63), and four motions in limine filed by Defendants ("Defs.' MIL 1," Dkt. No. 64; "Defs.' MIL 2," Dkt. No. 65; "Defs.' MIL 3," Dkt. No. 66; "Defs.' MIL 4," Dkt. No. 89). The Court heard argument on these motions on May 24, 2021 and issued its ruling from the bench. This order memorializes the Court's ruling on the MILs, as discussed below.

## I. BACKGROUND

Plaintiff filed a complaint against Defendants City of Ontario and fifteen police officers. ("Complaint," Dkt. No. 1.) By stipulation of the parties, however, (Dkt. Nos. 30, 36, 57), several of the original parties and claims have been voluntarily dismissed. The remaining Defendants are the City and twelve officers: Joe Estrada, Brennan Falconieri, Flesher, Edward Flores, Gabriel Gutierrez, Joseph Giallo, Corey Hettinga, Joshua Hovey, William Mlodzinski, Christian Nelsen, Matthew Ross, and Bryce Wilson (collectively, "Officer Defendants"). (Compl.; Dkts. Nos. 30, 36, 57.) The remaining claims for relief are the second and eighth causes of action: excessive force in violation of the Fourth Amendment and 42 U.S.C. § 1983, and infliction of emotional distress, respectively. (Compl.; Dkt. Nos. 30, 36, 57, 60.)

On April 6, 2020, Plaintiff filed two motions in limine, seeking to exclude: (1) evidence relating to Plaintiff's criminal history and prior contacts with law enforcement (Pl.'s MIL 1); and

(2) evidence of Plaintiff's drug and/or alcohol use and/or history (Pl.'s MIL 2). Defendants filed their oppositions on April 13, 2020. ("Pl.'s MIL 1 Opp'n," Dkt. No. 76; "Pl.'s MIL 2 Opp'n," Dkt. No. 77.)

On April 6, 2020, Defendants filed three motions in limine, seeking to: (1) limit testimony of Plaintiff's expert Roger Clark (Defs.' MIL 1); (2) limit testimony of Plaintiff's expert Ernest Burwell (Defs.' MIL 2); and (3) limit Plaintiff's rebuttal closing argument to arguments raised in Defendants' closing argument (Defs.' MIL 3). Plaintiff opposed Defendants' first three motions in limine on April 13, 2020. ("Defs.' MIL 1 Opp'n," Dkt. No. 67; "Defs.' MIL 2 Opp'n," Dkt. No. 68; "Defs' MIL 3 Opp'n," Dkt. No. 69.) On June 15, 2020, Defendants filed a fourth motion in limine, seeking to exclude evidence of and references to other instances of police use of force unrelated to the events at issue. (Defs.' MIL 4.) Plaintiff filed his opposition to Defendants' MIL 4 on June 22, 2020. ("Defs.' MIL 4 Opp'n," Dkt. No. 90.)

## II. LEGAL STANDARD

Motions in limine are a well-recognized judicial practice based in "the court's inherent power to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1984). Regardless of its initial decision on a motion in limine, a court may revisit the issue at trial. See Fed. R. Evid. 103, advisory committee's note to 2000 Amendment ("Even where the court's ruling is definitive, nothing in the amendment prohibits the court from revisiting its decision when the evidence is to be offered."); Luce, 469 U.S. at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). "[A] ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." United States v. Bensimon, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing Luce, 469 U.S. at 41–42).

## III. DISCUSSION

### A. Plaintiff's Motion in Limine No. 1

Plaintiff moves to exclude evidence, testimony, argument, or reference to Plaintiff's criminal history and prior contacts with law enforcement which were unknown to Defendant Officers at the time of the incident. (Pl.'s MIL 1 at 2.) Plaintiff asserts that Defendant Officers were only aware that Plaintiff was on county probation for Penal Code 69 when they interacted with Plaintiff. (Id. (citing Flesher Dep. Tr. 65:7-16, 66:5-9).) Any additional criminal history is irrelevant to determine whether the officers' decisions were reasonable, as well as unduly prejudicial, and improper character evidence. See Tennessee v. Garner, 471 U.S. 1, 26 (1985) ("The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances.").

Defendants argue that evidence of Plaintiff's criminal history is relevant to his claim for damages. (Pl.'s MIL 1 Opp'n at 2.) For instance, evidence that Plaintiff was incarcerated for

extended periods of time would undermine any claims for loss of income.  Defendants further argue that Plaintiff's history of combative and aggressive behavior towards officers following methamphetamine use is admissible supports the Defendant Officers' perception that Plaintiff was resisting and was a threat.  (Id. at 6-7 (citing Boyd v. City & Cty. of San Francisco, 576 F.3d 938, 947).)

Under the Federal Rules of Evidence, "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  All relevant evidence is admissible, while evidence which is not relevant is not admissible.  Fed. R. Evid. 402.  Federal Rule of Evidence 403 allows the court to exclude evidence if its probative value is substantially outweighed by a danger of unfair prejudice.  Fed. R. Evid. 403.

The Court finds that evidence of Plaintiff's criminal history and prior contacts with law enforcement has no likelihood of proving any material facts relevant to Plaintiff's claims and would be highly prejudicial.  As Plaintiff argues, "evidence which the officers were unaware" is not relevant to evaluate the reasonableness of the officers' actions, as "the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."  Glenn v. Washington Cty., 673 F.3d 864, 873 (9th Cir. 2011).  Even if this evidence were relevant, any probative value is outweighed by the danger of unfair prejudice, as this evidence may "suggest decision on an improper basis," United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000), and turn the "trial of the defendants into a trial of the plaintiff," Wilson v. City of Chicago, 6 F.3d 1233, 1236 (7th Cir. 1993).

Defendants rely on Boyd v. City and County of San Francisco to argue that evidence of criminal history and prior bad acts preceding the incident is relevant here.  576 F.3d at 947.  In Boyd, plaintiffs alleged that law enforcement officers used excessive force when they shot and killed the decedent.  Id. at 944-45.  The Ninth Circuit held that evidence regarding the decedent's criminal history was properly admitted.  Id.  But this evidence was admitted in the context of a "suicide by cop defense" because the prior acts made it more probable that the decedent was trying to provoke a police shooting, rather than surrender.  Id.  Thus, the Ninth Circuit held that "where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible."  Id. at 944.  Boyd's holding is therefore limited to narrow circumstances which are not present in this case.

Here, Defendants do not assert a "suicide by cop" defense, nor is Plaintiff's "intention, motive, or plan" at issue or in dispute.  See Jackson v. Cty. of San Bernardino, 194 F. Supp. 3d 1004, 1009 (C.D. Cal. 2016) ("Defendants do not assert a 'suicide by cop' defense, and [plaintiff's] motivation or intention to provoke the deputies to shoot him is not at issue."); Valtierra v. City of Los Angeles, 99 F. Supp. 3d 1190, 1194 (C.D. Cal. 2015) ("[D]efendants do not advance a 'suicide-by-cop' theory and thus any probative value that decedent's criminal history might bring to bear on decedent's desire to resist arrest is minimal"); Stringer v. City of Pablo, 2009 WL 5215396, at *3 (N.D. Cal. Dec. 28,

2009) (reading Boyd as "limited to cases where a suicide by cop theory is being asserted or other similar circumstances where the suspect/defendant's intent is clearly at issue"); Willis v. City of Fresno, 2013 WL 6145232, at *4 (E.D. Cal. Nov. 21, 2013) (declining to admit evidence of prior acts under Boyd where the plaintiff's "motive or intent [was] not at issue, as it was in Boyd" and where his "absence of mistake or accident is not at issue"). Rather, as Defendants admit, the factual dispute is "whether Plaintiff was resisting and whether he posed any threat to the officers." (Pl.'s MIL No. 1 Opp'n at 6.) Indeed, Defendants have not demonstrated why Plaintiff's criminal history or prior contacts with law enforcement which were unknown to Defendant Officers would have any bearing on whether their use of force was reasonable. Jackson, 194 F. Supp. 3d at 1010.

Accordingly, the Court GRANTS Plaintiff's first motion in limine and ORDERS that any reference to Plaintiff's criminal history and prior contacts with law enforcement that Defendant Officers were unaware of at the time of the incident is PRECLUDED.

**B. Plaintiff's Motion in Limine No. 2**

Plaintiff also moves to exclude evidence of Plaintiff's history of drug and alcohol use as irrelevant, unduly prejudicial, and improper character evidence. (See Pl.'s MIL 2.) Defendants counter that this evidence is relevant to rebut Plaintiff's argument that there was no crime at issue here, to confirm the officers' determination that Plaintiff was under the influence of drugs at the time of the incident, and to counter Plaintiff's claim for economic damages. (See Pl's MIL 2 Opp'n at 1-3.)

For the reasons stated above as to Plaintiff's criminal history, the Court finds that evidence of Plaintiff's history of drug use has no likelihood of proving any material facts relevant to Plaintiff's claims and would be highly prejudicial. The Court therefore GRANTS Plaintiff's second motion in limine and ORDERS that any reference to Plaintiff's history of drug use and toxicology reports is PRECLUDED.

**C. Defendants' Motion in Limine No. 1**

Defendants move to exclude testimony from Plaintiff's police-practices/use-of-force expert Roger Clark concerning his own legal conclusion that the officers used excessive force.

Rule 702 governs the admittance of expert testimony, a decision in which the Court has "broad latitude." Elsayed Mukhtar v. California State Univ., Hayward, 299 F.3d 1053, 1064 (9th Cir. 2002). Under Rule 702, in order for expert testimony to be admissible, the party offering the evidence must show it is both reliable and relevant. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999); Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 590-91 (1993).

Here, Clark offers his opinion on "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989). Clark applies

the Graham standard to the facts of the case and opines that "the Defendant Officers used excessive force."

The Court finds that Clark's opinions as to the Graham standard are "not helpful to the jury because they constitute impermissible legal conclusions." Valtierra v. City of Los Angeles, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015). "Whether the officers' actions were 'objectively reasonable' in light of the facts and circumstances confronting them is … a question for the jury or … for the Court." Id. Clark's testimony should be limited to whether the officers' conduct is consistent with the California Peace Officer Standards and Training ("P.O.S.T.") on the use of force.

The Court therefore GRANTS Defendants' first motion in limine and ORDERS that Clark is PRECLUDED from offering his legal conclusions as to whether the officers' actions were objectively reasonable.

### D.  Defendants' Motion in Limine No. 2

Defendants next request that the Court exclude certain testimony from Plaintiff's second police-practices/use-of-force expert, Ernest Burwell. (See Defs.' MIL 2.) In particular, Defendants seek to: (1) limit Burwell's opinions to the use of the police canine, to avoid any duplication with Clark's opinions; (2) exclude Burwell's opinion that Officer Gutierrez "became completely hysterical once he sent his dog to bite Donastorg"; (3) exclude reference to canine policies and guidelines other than the governing California P.O.S.T. standards; and (4) exclude Burwell's legal conclusions. (See Defs.' MIL 2.)

Under Rule 702, a proffered expert's opinion must be based on the expert's "scientific, technical, or other specialized knowledge," and "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Under Rule 403, the Court may exclude evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. !

The Court finds that Burwell's testimony should be limited to police practices related to the deployment of the police canine, as any testimony beyond this would be needlessly cumulative. See Fed. R. Evid. 403. Moreover, for the reasons established above as to Clark's testimony, Burwell may not offer legal conclusions as to whether the officers' conduct was excessive or unreasonable under the Graham standard.

The Court therefore GRANTS Defendants' second motion in limine and ORDERS that Burwell is PRECLUDED from offering his legal conclusions or testifying on issues beyond those concerning whether the officers' conduct is consistent with the P.O.S.T. canine guidelines and policies.

//

### E. Defendants' Motions in Limine Nos. 3-4

Defendants move to exclude evidence of and references to other incidents of police use of force unrelated to the events at issue, including at rebuttal. The Court agrees that this evidence is irrelevant and unduly prejudicial. Fed. R. Evid. 401, 403. The Court therefore GRANTS Defendants' third and fourth motions in limine.

## IV.   CONCLUSION

For the reasons above, the Court GRANTS Plaintiff's MILs, and GRANTS Defendants' MILs.

**IT IS SO ORDERED.**