**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**LAW OFFICE OF SHARON J. BRUNNER**
Sharon J. Brunner, Esq. (SBN 229931)
Email: sharonjbrunner@yahoo.com
14393 Park Avenue, Suite 100
Victorville, CA 92392
Tel: (760) 243-9997; Fax: (760) 843-8155

**LAW OFFICE OF JAMES S. TERRELL**
James S. Terrell, Esq. (SBN 170409)
Email: jim@talktoterrell.com
15411 Anacapa Road
Victorville, CA 92392
Tel: (760) 951-5850; Fax: (760) 952-1085

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DONASTORG,<br><br>                    Plaintiff,<br>vs.<br><br>CITY OF ONTARIO, ET AL.,<br><br>                    Defendants. | Case No. 5:18-cv-00992-JGB (SPx)<br><br>*Honorable Jesus G. Bernal*<br><br>**PLAINTIFF'S AMENDED JOINT AGREED JURY INSTRUCTIONS** |

1  **TO THE HONORABLE COURT**:

2      PLEASE TAKE NOTICE THAT Plaintiff hereby submits an amended Joint

3  Agreed Jury Instructions, omitting previously submitted joint agreed-upon jury

4  instructions that are no longer applicable.

5

6  Respectfully submitted,

7

8  Dated:  June 14, 2021                    LAW OFFICES OF DALE K. GALIPO
                                            LAW OFFICE OF SHARON J. BRUNNER
9                                           LAW OFFICE OF JAMES S. TERRELL

10

11                                          By:      */s/ Hang D. Le*
                                                 _____
                                                 Dale K. Galipo
12                                               Hang D. Le
                                                 Sharon J. Brunner
13                                               James S. Terrell
                                                 Attorneys for Plaintiff Richard Donastorg

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

| Number | Title | Source | Page |
|--------|-------|--------|------|
| **Initial Instructions** | | | |
| 1 | Duty of Jury | 9th Cir. 1.3 | 2 |
| 2 | Burden of Proof | 9th Cir. 1.6 | 3 |
| 3 | Two or More Parties—Different Legal Rights | 9th Cir. 1.8 | 4 |
| 4 | What is Evidence | 9th Cir. 1.9 | 5 |
| 5 | What is Not Evidence | 9th Cir. 1.10 | 6 |
| 6 | Evidence for a Limited Purpose | 9th Cir. 1.11 | 7 |
| 7 | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 8 |
| 8 | Ruling on Objections | 9th Cir. 1.13 | 9 |
| 9 | Credibility of Witnesses | 9th Cir. 1.14 | 10 |
| 10 | Impeachment Evidence | 9th Cir. 2.9 | 12 |
| 11 | Conduct of the Jury | 9th Cir. 1.15 | 13 |
| 12 | Publicity During Trial | 9th Cir. 1.16 | 15 |
| 13 | No Transcript Available to Jury | 9th Cir. 1.17 | 16 |
| 14 | Taking Notes | 9th Cir. 1.18 | 17 |
| 15 | Bench Conferences and Recesses | 9th Cir. 1.20 | 18 |
| 16 | Outline of Trial | 9th Cir. 1.21 | 19 |
| **Preliminary Instructions** | | | |
| 17 | Stipulations of Fact | 9th Cir. 2.2 | 21 |
| 18 | [Intentionally Omitted] | | 22 |
| 19 | [Intentionally Omitted] | | 23 |
| 20 | Use of Requests for Admissions* | 9th Cir. 2.12 | 24 |
| 21 | Expert Opinion | 9th Cir. 2.13 | 25 |
| 22 | Charts and Summaries Not Received Into Evidence | 9th Cir. 2.14 | 26 |
| 23 | Evidence in Electronic Format | 9th Cir. 2.16 | 27 |
| **Claims** | | | |
| 24 | 1983 Claim—Introductory Instruction | 9th Cir. 9.1 | 30 |
| 25 | 1983 Claims Against Individual Defendants | 9th Cir. 9.3 | 31 |
| 26 | Fourth Amendment—Unreasonable Seizure—Excessive Force | 9th Cir. 9.25 | 32 |
| 27 | Intentional Infliction of Emotional Distress | CACI 1600 | 34 |

| Number | Title | Source | Page |
|---|---|---|---|
| 28 | Intentional Infliction of Emotional Distress—"Outrageous Conduct" Defined | CACI 1602 | 35 |
| 29 | Intentional Infliction of Emotional Distress – "Reckless Disregard" Defined | CACI 1603 | 36 |
| 30 | Intentional Infliction of Emotional Distress – "Severe Emotional Distress" Defined | CACI 1604 | 37 |
| 31 | Vicarious Liability--Introduction | CACI 3700 | 38 |
| **Damages** | | | |
| 32 | Damages—Proof and Types | 9th Cir. 5.1, 5.2 | 40 |
| **Concluding Instructions** | | | |
| 33 | Duty of Jury | 9th Cir. 1.4 | 42 |
| 34 | Duty to Deliberate | 9th Cir. 3.1 | 43 |
| 35 | Consideration of Evidence—Conduct of the Jury | 9th Cir. 3.2 | 44 |
| 36 | Communication with Court | 9th Cir. 3.3 | 46 |
| 37 | Post-Discharge Instruction | 9th Cir. 3.9 | 47 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INITIAL INSTRUCTIONS

## PROPOSED INSTRUCTION NO. 1

### Duty of Jury

Members of the jury: You are now the jury in this case. It is my duty to inform you of the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of trial I will give you final instructions. It is the final instructions that will govern your duties.

Pleased do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.3.

1

**PROPOSED INSTRUCTION NO. 2**

2

<u>Burden of Proof – Preponderance of the Evidence</u>

3

When a party has the burden of proof on any claim by a preponderance of

4

evidence, it means you must be persuaded by the evidence that the claim is more

5

probably true than not true.

6

You should base your decision on all of the evidence, regardless of which

7

party presented it.

8

9

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.6.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROPOSED INSTRUCTION NO. 3**

2

<u>Two or More Parties – Different Legal Rights</u>

3

You should decide the case as to each defendant separately. Unless otherwise

4

stated, the instructions apply to all parties.

5

6

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.8.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT AGREED JURY INSTRUCTIONS

**PROPOSED INSTRUCTION NO. 4**

<u>What is Evidence</u>

The evidence you are to consider in deciding what facts are consists of:

   1.  the sworn testimony of any witness;

   2.  the exhibits which are admitted into evidence;

   3.  any facts to which the lawyers have agreed; and

   4.  any facts that I may instruct you to accept as proved.

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.9.

## PROPOSED INSTRUCTION NO. 5

### What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, may say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No.1.10.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROPOSED JURY INSTRUCTION NO. 6**

Evidence for a Limited Purpose

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and not for any other purpose.]

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.11.

**PROPOSED INSTRUCTION NO. 7**

<u>Direct and Circumstantial Evidence</u>

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.12.

**PROPOSED INSTRUCTION NO. 8**

<u>Ruling on Objections</u>

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.13.

## PROPOSED INSTRUCTION NO. 9

<u>Credibility of Witnesses</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.14.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JURY INSTRUCTION NO. 10**

Impeachment Evidence—Witness

The evidence that a witness has been convicted of a crime or lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness, and how much weight to give to the testimony of the witness and for no other purpose.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 2.9.

**PROPOSED INSTRUCTION NO. 11**

<u>Conduct of the Jury</u>

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any

research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on the evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested throughout the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial but an impartial jury, and if you decide the case based on the information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.15.

**PROPOSED INSTRUCTION NO. 12**

Publicity During Trial

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decide by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.16.

## PROPOSED INSTRUCTION NO. 13

<u>No Transcript Available to Jury</u>

I urge you to pay close attention to the testimony as it is given. During deliberations, you will not have a transcript of the trial testimony.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.17.

**PROPOSED INSTRUCTION NO. 14**

<u>Taking Notes</u>

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.18.

## PROPOSED INSTRUCTION NO. 15

Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.20.

**PROPOSED INSTRUCTION NO. 16**

<u>Outline of Trial</u>

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine.  Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.21.

1

## **PRELIMINARY INSTRUCTIONS**

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED INSTRUCTION NO. 17

### Stipulations of Fact

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

1.  The incident in this case occurred in the early morning of May 8, 2016 at the TA Truck Stop in Ontario, California

2.  Officers Estrada, Falconieri, Flesher, Flores, Gutierrez, Giallo, Hettinga, Hovey, Mlodzinski, Nelsen, Ross, and Wilson were acting in the course and scope of their employment as City of Ontario Police Officers during this incident.

3.  Officers Estrada, Falconieri, Flesher, Flores, Gutierrez, Giallo, Hettinga, Hovey, Mlodzinski, Nelsen, Ross, and Wilson were acting under color of law during the incident.


Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 2.2.

1

**[INTENTIONALLY OMITTED]**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[INTENTIONALLY OMMITTED]**

**PROPOSED INSTRUCTION NO. 20**

<u>Use of Requests for Admissions</u>*

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 2.12.

**PROPOSED INSTRUCTION NO. 21**

<u>Expert Opinion</u>

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to opinions and reasons for [his] [her] opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons for the opinion, and all the other evidence in the case.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No.  2.13.

**PROPOSED INSTRUCTION NO. 22**

Charts and Summaries Not Received Into Evidence

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No.  2.14.

## PROPOSED INSTRUCTION NO. 23

<u>Evidence in Electronic Format</u>

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At  my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the

computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No.  2.16.

1

## **CLAIMS**

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED INSTRUCTION NO. 24**

<u>Section 1983 Claim – Introductory Instruction</u>

The plaintiff brings a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

<u>Source</u>:  Ninth Circuit Manual of Model Jury Civil Instructions No. 9.1.

**PROPOSED INSTRUCTION NO. 25**

Section 1983 Claim against Defendants in Individual Capacity—Elements and

Burden of Proof

In order to prevail on his § 1983 claim for excessive force against the defendants Joe Estrada, Brennan Falconieri, James Flesher, Edward Flores, Gabriel Gutierrez, Joseph Giallo, Corey Hettinga, Joshua Hovey, William Mlodzinski, Christian Nelsen, Matthew Ross, and Bryce Wilson, the plaintiff must prove each of the following elements against each defendant by a preponderance of the evidence:

    1.    the defendant acted under color of law; and

    2.    the acts of that defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that the Defendant Officers acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove against each individual defendant under Instructions ##-## for excessive force, your verdict should be for the plaintiff on that claim.

If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant on that claim.

Source:  Ninth Circuit Manual of Model Jury Civil Instructions No. 9.3.

## PROPOSED INSTRUCTION NO. 26

<u>Fourth Amendment—Excessive Force</u>

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or defending himself or others.  Therefore, in order to prove an unreasonable seizure by excessive force in this case, Plaintiff must prove by a preponderance of the evidence that the officers used excessive force in arresting Plaintiff.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether Defendant Officers used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1.  the nature of the crime or other circumstances known to Defendant Officers at the time the force was applied;

2.  whether the plaintiff posed an immediate threat to the safety of the officers or others ;

3.  Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4.  the amount of time each officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5.  the type and amount of force used;

6.  the availability of alternative methods to take the plaintiff into custody;

7.    the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation and which party is more innocent;

8.    whether it was practical for the officer(s) to give warning of the imminent use of force, and whether such warning was given;

9.    whether it should have been apparent to the officers that the person they used force against was emotionally disturbed;

10.    whether a reasonable officer would have or should have accurately perceived a mistaken fact; and

11.    whether there was probable cause for a reasonable office to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

"Probable cause" exists when, under all the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

<u>Source</u>:  Ninth Circuit Manual of Model Jury Civil Instructions No. 9.25.

# PROPOSED INSTRUCTION NO. 27

<u>Intentional Infliction of Emotional Distress</u>

The plaintiff claims that each of the officers' respective conduct caused him to suffer severe emotional distress. To establish this claim, the plaintiff must prove all of the following as to each defendant:

1. That the defendant's conduct was outrageous;

2. That the defendant acted with reckless disregard of the probability that the plaintiff would suffer emotional distress knowing that the plaintiff was present when the conduct occurred;

3. That the plaintiff suffered severe emotional distress; and

4. That the defendant's conduct was a substantial factor in causing the plaintiff's severe emotional distress.

<u>Source</u>: CACI 1600.

# PROPOSED INSTRUCTION NO. 28

## Outrageous Conduct Defined

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether each defendant's conduct was outrageous, you may consider, among other factors, the following:

(a) Whether that defendant knew that the plaintiff was particularly vulnerable to emotional distress; and

(b) Whether that defendant knew that his conduct would likely result in harm due to mental distress.

Source: CACI 1602.

**PROPOSED INSTRUCTION NO. 29**

Intentional Infliction of Emotional Distres—"Reckless Disregard" Defined

A defendant acted with reckless disregard in causing the plaintiff emotional distress if:

1. That defendant knew that emotional distress would probably result from his conduct; or

2. That defendant gave little or no thought to the probable effects of his conduct.

Source: CACI 1603.

**PROPOSED INSTRUCTION NO. 30**

<u>Intentional Infliction of Emotional Distress—"Severe" Emotional Distress" Defined</u>

Emotional distress includes suffering anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it. The plaintiff is not required to prove physical injury to recover damages for severe emotional distress.

<u>Source</u>:  CACI 1604.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED INSTRUCTION NO. 31**

Vicarious Liability—Introduction

With respect to the state law claim[s], the City of Ontario is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment. The parties have stipulated that Defendant Officers were acting within the scope of their employment at the time of the incident.

Source: CACI 3700 (modified).

1

## **DAMAGES**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JURY INSTRUCTION NO. 32**

<u>Damages—Proof and Types of Damages</u>

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on any of Plaintiff's claims, you must determine Plaintiff's damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendant Officers.

You should consider the following as to Plaintiff's damages:

1. The nature and extent of the injuries;

2. The disability experienced, and that with reasonable probability will be experienced in the future; and

3. The mental, physical, and emotional pain and suffering experienced.

4. The reasonable value of necessary medical care, treatment, and services received to the present time;

5. The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions Nos. 5.1, 5.2.

1        **CONCLUDING INSTRUCTIONS**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED INSTRUCTION NO. 33**

<u>Duty of Jury</u>

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

<u>Source</u>:  Ninth Circuit Manual of Model Jury Civil Instructions No. 1.4.

**PROPOSED INSTRUCTION NO. 34**

<u>Duty to Deliberate</u>

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

<u>Source</u>:  Ninth Circuit Manual of Model Jury Civil Instructions No. 3.1.

## PROPOSED INSTRUCTION NO. 35

<u>Consideration of Evidence—Conduct of the Jury</u>

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 3.2.

**PROPOSED INSTRUCTION NO. 36**

<u>Communication with Court</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

<u>Source</u>:  Ninth Circuit Manual of Model Jury Civil Instructions No. 3.3.

**PROPOSED INSTRUCTION NO. 37**

<u>Post-Discharge Instruction</u>

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings.  Now that the case is over, you are free to discuss it with any person you choose.  By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence.  Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.]

<u>Source</u>:  Ninth Circuit Manual of Model Jury Civil Instructions No. 3.9.